This is an action brought by the son and one of the daughters of Lucie W. Stumm, deceased, to set aside a sale of certain real estate made by the defendant as executor of the last will of said Lucie W. Stumm, on the ground that the will of Lucie W. Stumm, deceased, conferred no authority upon the trust company to sell the real estate of decedent, and upon the further ground that the sale was improperly made by the executor and for an inadequate price. All the necessary parties are before the court, including the purchasers at the sale made by the said executor. *Page 309 
Decedent made the will in question, which reads as follows:
"ARCOLA, NEW JERSEY.
 Post Office Address, R.F.D. Hackensack, N.J.
July 23, 1918.
This is my first, last and only will.
That the land and buildings in my name in Arcola, N.J., be sold and the proceeds disposed of as follows: First, there shall be twenty-four hundred and fifty dollars paid to my daughter Myrtle (now Mrs. Frank D. Graham), being the amount borrowed from her in 1908 and 1909 and used as part purchase-money on the property and bearing no interest. The remainder shall be divided into four equal parts, viz., to my daughters Maud and Myrtle and son Carl Stumm and my husband, Frank A. Stumm.
Any one or more of the four above-mentioned objecting to any one or more than one of the provisions herein mentioned shall be cut off without recourse in law or otherwise for any claim whatsoever and the portion of the objector shall be equally divided between the nonobjectors.
I appoint the Hackensack Trust Company as my administrator and respectfully request a prompt settlement of the entire matter.
 LUCIE WETMORE STUMM (Signature)
Witnesses as to Chas. A. Whitemarsh D.F. Whitemarsh."
An examination of this document shows clearly that it was inartificially drawn and obviously home-made. It seems equally clear from examination of the will that it was the intention of the decedent that the real estate in question should be sold and the proceeds distributed equally, after the payment of a certain debt, to her husband and her three children.
In my opinion, since the only property disposed of by this will is real estate, the sole purpose in appointing "an administrator" must have been to authorize and direct it to sell the property and distribute the proceeds. Therefore, I find the will conferred a power of sale upon the trust company.
Upon the death of the decedent the trust company renounced, but after a lapse of several years, applied for and *Page 310 
received letters testamentary. It also appears that in the meantime the husband of decedent had died and that there was bitter family feeling between the complainants and the other daughter of decedent.
The trust company sold the property for the sum of $35,000 by deed bearing date May 10th, 1927. Apparently, largely because of the ill-feeling between the children of decedent, there was no co-operation by them with the trust company in the sale. The complainants contend that this sale was made improperly in that the trust company failed to sell at an adequate price and various acts of neglect of duty are alleged against the administrator.
The only ground of complaint to which I attach any substance is one relating to the payment of a commission on this sale. The payment of this commission is admitted by the administrator to be of doubtful validity and the administrator has reimbursed the estate therefor, which disposes of this contention.
It is unnecessary to go into detail as to the other grounds of complaint since there is no convincing evidence to show that the administrator did not act according to its best judgment and in perfect good faith. Having done so its action in selling the property should be upheld.
In my opinion none of the acts of any of the three children of decedent amount to such an objection to the will as should cause them to forfeit their interest under the will.
I further find that there is no reason why the administrator should not make an accounting on the basis of the foregoing opinion.
Let a decree be submitted upon notice in conformity with the foregoing. *Page 311